EXPENDITURE OF FUNDS — UNIVERSITY HOSPITAL Pursuant to the provisions of House Bill 1103, First Regular Session, Thirty-fifth Oklahoma Legislature (1975), the Board of Trustees of the University Hospital may not arbitrarily place a limit on the amount of funds to be spent to construct a building to house the linear accelerator. However, the Board of Trustees has the discretion to determine the amount of funds necessary to complete the construction of such building. After making such determination, the Board of Trustees has the discretion to divert for other capital outlay projects any funds remaining from the $750,000.00 appropriated. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. Can the Board of Trustees of the University Hospital place a limit of $550,000.00 for the construction of the building to house the linear accelerator and divert the remaining $200,000.00 for other capital expenditures not related to the linear accelerator? "2. If the $550,000.00 is not sufficient to adequately house the accelerator, what recourse do the taxpayers have against the Trustees?" Your first question can be answered by a plain reading of House Bill 1103, Section 3, First Regular Session, Thirty-fifth Oklahoma Legislature, enacted June 6, 1975. Section 3 states: "There is hereby appropriated to the Board of Trustees of the University Hospital, from any monies in the general revenue fund of the State Treasury, for the fiscal year ending June 30, 1975, not otherwise appropriated, the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00), or so much thereof as may be required for construction of a building to house the linear accelerator. Provided that any remaining funds not required for the completion of said building may be used for other capital outlay projects approved by the Board of Trustees of the University Hospital." (Emphasis added) It is apparent from the wording of the bill that the Legislature vested the Board of Trustees of the University Hospital with the discretion to determine the amount of funds necessary for completion of construction of the building for the linear accelerator. It is also clear that the Board of Trustees of the University Hospital was granted further discretion in diverting any remaining funds for other capital outlay projects. In regard to your second question, it is apparent that the Legislature specifically bestowed discretionary power upon the. Board of Trustees of the University Hospital and that any question regarding the relative sufficiency of the building is speculative and therefore will not be answered. It is, therefore, the opinion of the Attorney General that pursuant to the provisions of House Bill 1103, First Regular Session, Thirty-fifth Oklahoma Legislature (1975), the Board of Trustees of the University Hospital may not arbitrarily place a limit on the amount of funds to be spent to construct a building to house the linear accelerator. However, the Board of Trustees has the discretion to determine the amount of funds necessary to complete the construction of such building. After making such determination, the Board of Trustees has the discretion to divert for other capital outlay projects any funds remaining from the $750,000.00 appropriated. (David K. McCurdy) ** SEE: OPINION NO. 78-245 (1978) **